

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

November 20, 1985

Overrules in part MW-382

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. Building
Austin, Texas   78774

Opinion No. JM-382

Re:   Per diem for members
state boards and commission

Dear Mr. Bullock:

You ask several questions regarding the scope and application a rider to the current General Appropriations Act which provides the per diem of state board and commission members. See Acts 19 69th Leg., ch. 980, art. V, §4, at 7761. Article 6813f, V.T.C. furnishes the basis for this rider.

Article 6813f provides in full:

> Section 1. In this Act, 'state board or commission' means a board, commission, committee, council, or other similar agency in the state government that is composed of two or more members.

> Sec. 2. A member of a state board or commission is entitled to per diem relating to the member's service on the board or commission. The amount of the per diem is the amount prescribed by the General Appropriations Act.

> Sec. 3. Each law prescribing the amount of per diem relating to membership on a state board or commission is suspended to the extent of a conflict with this Act. If the General Appropriations Act does not prescribe the amount of per diem to which a member of a state board or commission is entitled by law, the law prescribing the amount of per diem is not suspended by this Act. If a law imposes a limit on the number of days for which a member of a state board or commission is entitled to claim per diem, the limit is not suspended by this Act.

Article 6813f does primarily two things. First, it specifies that the per diem of state board and commission members, as defined in section 1, shall be the amount prescribed by the General Appropriations Act. Second, it suspends each law prescribing the amount of a board or commission member's per diem to the extent of conflict. The bill analysis for article 6813f, as originally enacted, stated that

> [t]he per diem rate for state boards and commissions is established in the enabling legislation and cannot be changed short of amending the act. Because of inflation, the amounts in most instances are grossly inadequate.

Bill Analysis to H.B. No. 957, filed in Bill File to H.B. No. 957, Legislative Reference Library. The purpose of article 6813f was, therefore,

> [t]o provide for the establishment of per diem entitlements in the General Appropriations Act.

Id.

Thus, article 6813f allows for flexibility in fixing the rate of per diem by tying it to the Appropriations Act and attempts to provide uniformity by making one rate applicable to the various boards and commissions. General law is a necessary prerequisite to an Appropriations Act rider which purports to prescribe the per diem of all board and commission members because of the constitutional principle that a rider to a general appropriations bill cannot amend, modify, or repeal general law. See Tex. Const. art. III, §35; Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946); Coates v. Windham, 613 S.W.2d 572 (Tex. Civ. App. - Austin 1981, no writ). Accordingly, an Appropriations Act rider which provides for per diem must be limited to the scope of article 6813f.

Section 4 of article V prescribes the per diem of state board and commission members as follows:

> PER DIEM OF BOARD OR COMMISSION MEMBERS. As authorized by Section 2 of Article 6813f, Texas Revised Civil Statutes Annotated, the per diem of state board and commission members shall consist of (1) the amounts of compensatory per diem at $30 per day; (2) actual expenses for meals and lodging as authorized by this Act not to exceed the maximum amount allowed as a deduction for state legislators while away from home during a legislative session as established pursuant to the Internal Revenue Code 26 U.S.C. Section

162(i)(1)(B)(ii); and (3) transportation. In the
event the maximum amount allowed as a deduction
for state legislators pursuant to the Internal
Revenue Code as provided above is raised to an
amount above $100, the maximum amount of meals and
lodging portion of the per diem paid to board and
commission members under this section shall not
exceed $100.

The items of appropriation for per diem of
board or commission members include compensatory
per diem only. No employee paid from funds
appropriated by this Act shall be paid both a
salary and compensatory per diem for concurrent
service as a state employee and as a board or
commission member.

Acts 1985, 69th Leg., ch. 980, art. V, §4, at 7761.

Your first question relates to the meaning of "state board or
commission" under article 6813f (and, therefore, under section 4 of
article V). You ask:

Whether a state board or commission must be
created by statute in order to get per diem under
article 6813f, or can the board or commission be
created by an executive order, a legislative
resolution, or pursuant to a state agency's
statutory authority to appoint advisory com-
mittees.

Section 1 of article 6813f defines state board or commission as
"a board, commission, committee, council, or other similar agency in
the state government that is composed of two or more members."
Article 6813f's bill analysis, quoted above, reveals concern about
fixed per diem rates established "in the enabling legislation" of
boards and commissions. This suggests that only boards and commis-
sions which have fixed per diem rates established by statute are
affected by article 6813f. Article 6813f, however, also evidences the
legislative intent to make all per diem rates uniform. Moreover, the
language used in section 1 is broad; it clearly encompasses more than
just boards and commissions with per diem rates fixed in their
enabling legislation. We believe that the phrase "boards and commis-
sions" as used in article 6813f refers to a subcategory of adminis-
trative agencies with statewide jurisdiction. See generally Attorney
General Opinions MW-460 (1982); MW-352, MW-323 (1981); MW-177, MW-142
(1980). Thus, the scope of article 6813f is not limited to bodies
created by statute; it may include boards and commissions created

pursuant to executive order, to agency authority, and to legislative resolution. See Attorney General Opinion MW-323.

Your second question is as follows:

> If a board has a specific statute passed prior to article 6813f which defines how a board is to be reimbursed for expenses, and that statute is silent on the issue of compensation to be paid its members, are the members entitled to receive compensatory per diem under article V, section 4 of the General Appropriations Act?

Subsection (1) of article V, section 4, provides for "compensatory per diem at $30 per day." Acts 1985, 69th Leg., ch. 980, art. V, §4, at 7761.

In asking this question, you refer specifically to Attorney General Opinion JM-349 (1985), in which we concluded that a member of the State Property Tax Board is not entitled to receive the compensatory per diem provided for in subsection (1) of article V, section 4, because the statute governing the Tax Board prohibited its members from receiving compensation for their service on the board. Because article 6813f was intended to preempt only "law prescribing the amount of per diem relating to membership on a state board or commission," and because the statute in question "prohibited" rather than "prescribed" the payment of compensatory per diem, Attorney General Opinion JM-349 concluded that the compensation section of the rider did not apply.

Thus, article 6813f preempts prior statutes only to the extent of conflict. When an existing statute specifies an amount of compensatory per diem or merely that compensatory per diem shall be paid, article 6813f, in conjunction with subsection (1) of section 4 of article V, supplies the amount of compensatory per diem for the biennium. For example, if a statute, enacted prior to article 6813f, provided for reimbursement for actual expenses plus $100 per day, article 6813f in conjunction with the current rider would (1) replace the $100 compensation allowance with the $30 compensatory per diem provision and (2) limit the amount that can be paid to reimburse for actual expenses. On the other hand, if a prior statute provides only for a per diem which covers expenses, article 6813f does not authorize the Appropriations Act to change the fundamental characteristics of membership on the board or commission; it merely directs that reimbursement for expenses shall be computed and limited by the Appropriations Act.

We are aware that the legislature amended section 2 of article 6813f in 1983 in a manner which could suggest that members of all

state boards and commissions are entitled to compensatory per diem. The prior version of section 2 provided that

> [I]f a member of a state board or commission is entitled by law to per diem relating to the member's service on the board or commission, the amount of per diem is the amount prescribed by the General Appropriatons Act.  (Emphasis added).

Acts 1981, 67th Leg., ch. 428, at 1840-41.  The amended version of section 2 provides:

> A member of a state board or commission is entitled to per diem relating to the member's service on the board or commission. The amount of the per diem is the amount prescribed by the General Appropriations Act.  (Emphasis added).

Acts 1983, 68th Leg., ch. 761, §1 at 4571.

The primary problem at issue here arises because article 6813f encompasses two concepts:  compensatory per diem and per diem which represents reimbursement for expenses.  See Attorney General Opinions JM-349 (1985); MW-388 (1981).  Although the term "per diem" has historically encompassed both types of payments, very different considerations apply to each.  Texas statutes often created one flat rate payment which included both compensatory and reimbursement per diem.  Other statutes provided only for reimbursement for expenses. Some statutes expressly prohibited the receipt of compensation.  In creating the numerous state boards and commissions, however, the legislature clearly intended that some would receive compensation, i.e., payment for services, whereas others would not.  Article 6813f is ambiguous because it fails to adequately delineate between the two.

The 1983 amendment to section 2 must be read in context with the rest of the statute.  A cardinal rule of statutory construction requires that new provisions in a statute be construed in harmony with the statute as a whole.  Shipley v. Floydada Independent School District, 250 S.W. 159, 160 (Tex. Comm'n App. 1923, judgmt adopted). Section 3 of article 6813f provides:

> Each law prescribing the amount of per diem relating to membership on a state board or commission is suspended to the extent of a conflict with this Act.  If the General Appropriations Act does not prescribe the amount of per diem to which a member of a state board or commission is entitled by law, the law prescribing the amount of per diem is not suspended by this Act.  If a law imposes a

> limit on the number of days for which a member of
> a state board or commission is entitled to claim
> per diem, the limit is not suspended by this Act.
> (Emphasis added).

This section expressly evidences the legislative intent that only laws "prescribing the amount of per diem" are suspended. The last sentence also suggests that limits on per diem which do not relate to the "amount" of per diem are not suspended.

A contrary interpretation would present problems because per diem which represents compensation, in contrast to per diem which represents reimbursement for expenses, can transform a nonlucrative position into a lucrative one. Willis v. Potts, 377 S.W.2d 622 (Tex. 1964); Attorney General Opinion JM-349. If a position is lucrative and if it can be deemed an office, it will constitute an "office of emolument" for purposes of article XVI, section 40, of the Texas Constitution, a provision which prohibits a person from holding two offices of emolument at the same time. Moreover, regardless of whether all state board and commission members hold "offices," we cannot believe that the legislature intended article 6813f, in conjunction with an Appropriations Act provision, to transform all state boards and commissions into lucrative positions. The last sentence of the rider supports this conclusion as well:

> No employee paid from funds appropriated by this
> Act shall be paid both a salary and compensatory
> per diem for concurrent service as a state
> employee and as a board or commission member.

Consequently, we respond to your second question in the negative. If a specific statute, passed prior to article 6813f, is silent on the issue of compensation, the board affected was probably intended to be non-lucrative. The board members are, therefore, not entitled to receive compensatory per diem under section 4(1) of article V of the current Appropriations Act.

Your third question is

> whether Attorney General Opinion MW-388 is still
> valid as it applies to article 6813f repealing any
> statute which limits the amount of travel reimbur-
> sement to which a board member is entitled.

Attorney General Opinion MW-388 (1981) did not state that article 6813f repeals any statute which limits the amount of travel reimbursement to which a board member is entitled. The opinion stated that article 6813f was intended to supercede only conflicting provisions regarding per diem. Nevertheless, the opinion did

determine that a prior statutory provision which expressly prohibited receipt of expenses was superceded by article 6813f in conjunction with the Appropriations Act rider then in effect. Attorney General Opinion JM-349 narrowed this holding significantly by noting that section 3 preempts only "law prescribing the amount of per diem relating to membership on a state board or commission." Accordingly, Attorney General Opinion JM-349 overruled MW-388 to the extent of conflict.

Your fourth question concerns the effect of article 6813f on a statute enacted subsequent to article 6813f. As indicated at the beginning of this opinion, a rider to a general appropriations bill cannot amend, modify, or repeal general law. Accordingly, the basic preemptive effect of article 6813f must depend primarily upon when it was enacted. As a general rule, when two statutes deal with the same subject, the most recently enacted statute prevails. Consequently, a statute which is passed subsequent to article 6813f and which concerns the amount of per diem a particular board's members are entitled to receive would create an exception to article 6813f with regard to that board or commission. Because section 4(1) of article V of the current Appropriations Act provides for per diem "[a]s authorized by Section 2 of article 6813f," it does not apply to per diem established by other statutes, i.e., those enacted after article 6813f. The statute for the particular board and the board's appropriation would control.

Your fifth and sixth questions relate to the limit on reimbursement for actual expenses created by section 4(2) of article V. You ask:

> There appears to be a mistake in the citation to the I.R.S. code. The correct cite to the provision relating to state legislator's travel expenses away from home is 26 U.S.C. Section 162(h)(1)(B)(ii). Does this make a difference?

> May the per diem given to board and commission members under article 6813f be legally tied to an Internal Revenue Service provision relating to state legislator's expenses while away from home? If so, what is the maximum amount of expense that could be allowed under this section?

The limitation on the meals and lodging portion of reimbursement per diem is created in article V, section 4(2) by reference both to topic and to specific section in the Internal Revenue Code. The section limits the amount of per diem allowed for meals and lodging to "the maximum amount allowed as a deduction for state legislators while away from home during a legislative session as established pursuant to the Internal Revenue Code, 26 U.S.C. section 162(i)(1)(B)(ii)." The

code section presently in effect which deals with the maximum amount allowed as a business deduction for state legislators is section 162(h), not section 162(i). The "error" in citation probably occurred prior to the redesignation of sections (h) and (i) in the code.  See 26 U.S.C. §162, Codification Note (referring to Pub. Ls. 97-34 and 97-35).  We believe that the "error" is harmless because the provision which is applicable is readily discernible from the express reference to the deduction allowed for state legislators and from the rider's legislative history.  Compare Acts 1985, 69th Leg., ch. 980, art. V, §4; with Acts 1983, 68th Leg., ch. 1095, art. V, §4 (held ineffective because of vagueness in Attorney General Opinion JM-152 (1984)).

You also ask whether the provision may be legally tied to an Internal Revenue Code provision.  Attorney General Opinion JM-152 (1984) indicated that clear, objective standards must guide such a per diem rider to the Appropriations Act.  A variable provision which refers to a potentially fluctuating standard may be viewed as an impermissible delegation of certain powers.  The legislature may delegate the task of making rules and determining facts to which existing law and legislative policy are to apply, but the legislature must provide standards to guide the exercise of delegated powers and duties.  San Antonio Independent School District v. City of San Antonio, 550 S.W.2d 262 (Tex. 1976).

The rider in question clearly ties the maximum amount allowed as reimbursement for the meals and lodging portion of per diem to the maximum amount that state legislators may deduct as a business expense for meals and lodging under section 162(h)(1)(B)(ii).  This section allows deduction of

> the amount generally allowable with respect to such day to employees of the executive branch of the federal government for per diem while away from home but serving in the United States.

This amount is established as "a per diem allowance for travel inside the continental United States at a rate not to exceed $50."  See 5 U.S.C. §5702(a).  This limit is further qualified by allowing reimbursement

> for the actual and necessary expenses of official travel when the maximum per diem allowance would be less than these expenses, except that such reimbursement shall not exceed $75 for each day in a travel status within the continental United States when the per diem otherwise allowable is determined to be inadequate. . . .

5 U.S.C. §5702(c).

The import of section 4(2) of article V of the current Appropriations Act is to limit state board and commission members in a way that is related to the tax deduction limit on state legislators. Consequently, state board and commission members covered by article V, section 4(2) are entitled to their actual expenses for meals and lodging, except that they may not receive reimbursement for more than $75 for the meals and lodging portion of per diem. If section 5702(c) of the federal act is amended within the next two years to allow a lesser or greater amount of reimbursement, the board and commission members may receive that amount so long as it does not exceed $100. Thus, the rider allows only limited fluctuations which are tied to potential amendments to the federal act. The rider also provides an absolute maximum on the amount. Consequently, the rider is not an unconstitutional delegation. See Attorney General Opinion MW-17 (1979).

## S U M M A R Y

1. The scope of article 6813f, V.T.C.S., is not limited to "boards and commissions" which are created by statute; it may include boards and commissions created pursuant to executive order, to agency authority, and to legislative resolution.

2. If a specific statute, passed prior to article 6813f, is silent on the issue of compensation, the board's members are not entitled to receive compensatory per diem under section 4(1) of article V of the current Appropriations Act.

3. Attorney General Opinion MW-388 (1981), as it applies to the effect of article 6813f, was modified by Attorney General Opinion JM-349 (1985).

4. A statute passed subsequent to article 6813f, and which concerns the amount of per diem a particular board's members are entitled to, would create an exception to article 6813f with regard to that board or commission. Consequently, section 4(1) of article V of the current Appropriations Act would not apply.

5. The citation "error" in section 4(2) of article V is harmless.

6. The per diem given to board or commission members under article 6813f may be tied to an

Internal Revenue Code provision. The present maximum amount that may presently be reimbursed for the meals and lodging portion of per diem is $75.

Very truly yours,

**J I M   M A T T O X**
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk